# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTT A. COLLINS,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0185** (BOR Appeal No. 2050779)
         (Claim No. 2003057057)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Scott A. Collins, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2016, in which the Board affirmed an August 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 10, 2015, decision which denied a request for medical treatment as it had been more than five years since payment of medical benefits. In its Order, the Office of Judges also affirmed the claims administrator's April 13, 2015, decision denying a request for an MRI of the lumbar spine and psychological evaluation for chronic pain coping skills as the claim was barred for medical treatment since it had been more than five years since payment of medical benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Collins, an underground coal miner, was injured on May 19, 2003, when he slipped on wet slate. An MRI taken in September of 2003 showed bilateral abnormal femoral heads with a pattern most likely related to avascular necrosis. He underwent a left hip replacement on March

23, 2004. On June 10, 2009, the West Virginia Supreme Court of Appeals added avascular necrosis of the left hip as a compensable condition of the claim. Mr. Collins underwent an independent medical evaluation by Joseph Grady, M.D., on September 3, 2009. Dr. Grady found him to be at maximum medical improvement. The Office of Judges granted Mr. Collins a 7% permanent partial disability award on December 21, 2012. On May 29, 2014, the claims administrator authorized a change of physician from Robert Heflin, M.D., to Mark LoDico, M.D. Dr. LoDico requested an MRI of the lumbar spine for chronic left hip pain. He also requested authorization for pain management for chronic pain coping skills on April 2, 2015.

The claims administrator denied a request for medical treatment on April 10, 2015, as it had been more than five years since payment of medical benefits. On April 13, 2015, it denied a request for an MRI of the lumbar spine and psychological evaluation for chronic pain coping skills as the claim was barred for medical treatment since it had been more than five years since payment of medical benefits. The Office of Judges affirmed the claims administrator's decisions in its August 14, 2015, Order.

The Office of Judges found that there was no record in this case of any medical treatment having been performed since January of 2005. Mr. Collins's counsel mentioned in a closing argument that a psychiatric evaluation was performed in August of 2013; however, the Office of Judges found that this was an independent medical evaluation that did not involve treatment. The Office of Judges determined that since no medical treatment had been provided within five years of the date of Dr. LoDico's request, the provisions of West Virginia Code § 23-4-16(a)(4) (2005) apply. West Virginia Code § 23-4-16(a)(4) provides that:

> With the exception of the items set forth in subsection (d), section three of this article, in any claim in which medical or any type of rehabilitation service has not been rendered or durable medical goods or other supplies have not been received for a period of five years, no request for additional medical or any type of rehabilitation benefits shall be granted nor shall any medical or any type of rehabilitation benefits or any type of goods or supplies be paid for by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, if they were provided without a prior request. For the exclusive purposes of this subdivision, medical services and rehabilitation services shall not include any encounter in which significant treatment was not performed.

The Office of Judges determined that the fact that Mr. Collins underwent bilateral hip replacements is immaterial. The right hip has not been held compensable and the left hip replacement, which was compensable, was performed on April 9, 2005. The Office of Judges found this was way beyond five years from the date of the request for further treatment. When Dr. Grady examined Mr. Collins in September of 2009, he found that no further surgery would probably be necessary and there is no record that any has been performed. The claim was therefore time barred for further treatment pursuant to West Virginia Code § 23-4-16(a)(4). The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 1, 2016.

2

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Collins failed to submit any evidence showing that he received medical treatment for his compensable injury within five years prior to Dr. LoDico's request for treatment. His requests for medical benefits were therefore properly denied pursuant to West Virginia Code § 23-4-16(a)(4).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum